A. G. File No: 0-3491

365



# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Marvin H. Brown
Criminal District Attorney
Fort Worth, Texas

Dear Sir:

Opinion No. O-3491
Re: Whether or not a school trustee
may contract or be employed by
the school board.

We received your letters dated May 1 and May 13,
1941, which are self explanatory and read in part as follows:

Letter of May 1, 1941:

"Fred A. Hull was a member of the Board of Trustees
of the Rosen Heights Independent School District. On
October 5, 1940, he resigned to accept employment with a
contractor who was building a school building for the
district.

"On April 5, 1941, Mr. Hull was reelected a trustee
of the district but has not qualified for such by taking
his oath of office.

"Hull wishes to become a member of the Board and
hold his position as an employee of either the district
or the contractor as a supervisor on the project. The
Board has asked our opinion whether this is violative
of the public policy of the State, and whether or not
he can qualify and serve on the school Board and still
retain his position on the contract work, drawing his
pay from the school district either directly or indirectly."

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable Marvin H. Brown, page 2

Letter of May 13, 1941:

"In answer to your letter of May 8, in which
you ask whether or not the contract was with the
independent school district, you are advised that
in our opinion and from information received in a letter
from the school district, a copy of which is herewith
enclosed, Fred Hull was directly and indirectly con-
nected with the school district as an employee as well
as a contractor.

"We also take it, from the letter we received
from the school district, that at the time of the
execution of the contract Hull was a member of the
Rosen Heights Independent School District."

We also quote from the letter sent to you from
the Board of Trustees of the Rosen Heights Independent School
District as follows:

"On or about the first of October, we began the
construction of a school building -- the board had made
a deal with the firm of A. B. Withers Company as archi-
tects and also for the same company to supervise the
construction of the building. Mr. Fred A. Hull was
at that time president of the school board and was
offered the job by the A. B. Withers Company to per-
sonally supervise the construction. Mr. Hull resigned
as president of the school board also as a member of the
board on October 4, 1941, in order to accept the appoint-
ment. He was to receive his pay from the A. B. Withers
Company but through the consent of Mr. Withers, he has
been receiving his pay directly from the board."

We wish to point out in the beginning that the
facts relating to the matter are not entirely clear to us.
However, in your letter, dated May 13th, you state that it is
your opinion that Mr. Fred Hull was directly and indirectly
connected with the school district as an employee as well
as a contractor.

Honorable Marvin H. Brown, page 3

In the case of Meyers et al. v. Walker et al., 276 S. W. 305, we find the following language:

". . .'Contracts in their nature calculated to influence the action of public officers and the effect of which is to influence them one way or the other are against public policy.' If a public official directly or indirectly has a pecuniary interest in a contract, no matter how honest he may be, and although he may not be influenced by the interest, such a contract so made is violative of the spirit and letter of our law, and is against public policy.

". . . It is but fair that the public money should be spent in the manner and way provided by law. These safeguards in letting contracts were not provided with the thought that the public official was corrupt, but that, in the expenditure of public money, the strictest requirement should be followed. Our lawmakers were wise in trying, not only to remove temptation, but to place the public official even above the suspicion of wrongdoing. The idea of keeping the public in the confidence of the official would bring co-operation and loyalty in the administration of government and enforcement of law, and these principles underlie the security of our government. The old adage, 'Honesty is the best policy,' would well be worn on the doorsteps of every home and in the heart of every serving person. If our government survives, it will be by reason of the confidence in the honesty of the officials and the fidelity of the people. The way to keep confidence is to abhor that which tends to evil and cleave to the right."

We are of the opinion that Mr. Hull cannot be a member of the school board and, at the same time, be employed by said board.

MAY 31, 1941

FIRST ASSISTANT
ATTORNEY GENERAL

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Lee Shoptaw

Lee Shoptaw
Assistant

LS:AMM

APPROVED
OPINION
COMMITTEE

BY
CHAIRMAN